(23 Misc. Rep. 588.)

ST. MARY'S CHURCH OF POTSDAM v. NATIONAL BANK OF POTSDAM
et al.

(Supreme Court, Special Term, St. Lawrence County. May, 1898.)

BANKS—INSOLVENCY—PREFERENCES—TRUSTS.
     A preferential trust cannot be established, in favor of a claim against an insolvent national bank, because just prior to the failure of the bank the claimant presented his certificates and demanded payment, and was told by the cashier to indorse his certificates, and had already indorsed two when payment was forbidden by the president, although there was more than enough money in the bank at the time to pay the claim.

Action by St. Mary's Church of Potsdam against the National Bank of Potsdam and Josiah Van Vranken, as receiver. Demurrer to the complaint sustained.

A. X. Parker, for plaintiff.
Thomas Spratt, for defendants.

RUSSELL, J.   The plaintiff seeks a preference in payment out of the funds of an insolvent national bank to the amount of $8,900, with interest, on the ground of a trust impressed to that amount by an agreement of the cashier to pay, which was partially accomplished, but prevented by the appearance of the president of the bank, who forbade its completion.   The facts, as they appear in the complaint to which the demurrer is interposed, are as follows:   The National Bank of Potsdam closed its doors and stopped business at half past 3 in the afternoon of January 25, 1897, and in February following Josiah Van Vranken was appointed receiver by the comptroller of the currency.   During the six months preceding the failure of the bank the plaintiff deposited various sums, in the aggregate to the amount of $8,900, taking certificates of deposit.   On the afternoon of the 25th of January, about half past 3 o'clock, the treasurer of the plaintiff presented the certificates of deposit to the cashier of the bank for payment, was directed to indorse the certificates, and had indorsed two of them, when he was called back to the cashier's window in the bank, where he saw the president of the bank, who forbade the payment, although the bank at that time had $18,000 in currency, wherewith it might have paid the certificates, and the paying officer was ready to pay the same; and, upon such refusal to pay, the bank closed its doors as a bank, and suspended business.   The only case to which I am cited by counsel for the plaintiff is that of Davis v. Bank, 161 U. S. 275, 16 Sup. Ct. 502, and the reasoning in the opinion of the court at pages 288 and 289, 161 U. S., and pages 505, 506, 16 Sup. Ct. But the decision there adjudged the provision for a preference in the distribution of the funds of an insolvent national bank in favor of a savings bank, provided for by the laws of the state of New York, to be void, as in conflict with United States laws requiring the distribution ratably to the creditors.   The opinion refers to the cases of Scott v. Armstrong, 146 U. S. 499, 13 Sup. Ct. 148, San Diego County v. California Nat. Bank, 52 Fed. 59, and Massey v. Fisher, 62 Fed. 958.   Those cases, however, simply decide that the receiver takes only that which belongs to the bank, and that, as between the bank and third persons, equitable considerations may diminish the apparent amount of assets going to the receiver by the just claims of ownership or set-off of third persons.   The only application of this principle to the present case would be to hold that the sum of $8,900 had been equitably appropriated and set aside as the property of the plaintiff by the transaction which took place on the last day of the bank's business life.   It cannot be held that, as a legal act, there was a delivery of the money to the plaintiff, so that the currency which was separated from that belonging to the bank became the actual property of the plaintiff.   The attempted act of payment was not fully executed.   Nor can it be claimed as an equitable appropriation

on the principle that equity regards that as done which ought to have been done. The plaintiff has no equitable claim to a preferential payment. Just and equitable considerations require a division of all of the property of an insolvent bank among its creditors ratably. The controversy is not between the plaintiff, a creditor, and the stockholders, the owners of the bank. It is between the plaintiff, as a creditor, and the receiver, as trustee of all the creditors. By so much as the bank fails to pay 100 cents upon the dollar on a claim of this amount, all of the other creditors would suffer in case of payment in full to the plaintiff of its claim. There are therefore no equitable considerations which justify the payment to the plaintiff in full, and a consequent diminished distribution to the other creditors.

It is unnecessary to consider the further question as to whether a bank which, by reason of inability to pay its claims in full, terminated its business career on the day in question, and over whose property a receiver was immediately appointed for distribution as in case of insolvency, could, under the statutes of this state, have actually made the payment in question, knowing as the officers did its precarious condition, and that such a payment would be a preference to one creditor over the others. Let there be a judgment sustaining the demurrer, with costs.

Demurrer sustained, with costs.